**Opinion filed December 4, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00108-CR

_____

**MARTIN MONGE HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-22-0010-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Martin Monge Hernandez, pled nolo contendere to the offense of murder, a first-degree felony. TEX. PENAL CODE ANN. § 19.02(b) (West Supp. 2024). Following a punishment trial, the jury assessed his punishment at imprisonment for ninety-nine years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine.

Appellant's court-appointed counsel has filed a motion to withdraw and supporting brief in which he represents that, after conducting a professional evaluation of the record and applicable law, there are no arguable issues to present on appeal.[1] *See Anders v. California*, 386 U.S. 738 (1967); *Schulman*, 252 S.W.3d at 406–09. Counsel further certifies that he provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68; *Anders*, 386 U.S. 738; *Kelly*, 436 S.W.3d 313; *Schulman*, 252 S.W.3d at 409–12; *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and the brief, and we conclude that the appeal is without merit.[2] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005).

---

[1] Appellate counsel's brief contains no legal analysis or citations to controlling authority foreclosing any potential issues. It therefore fails to demonstrate that counsel conducted "a conscientious and thorough review of the law and facts" as he claims and, as appellate counsel, is required of him. *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014); *see also In re Schulman*, 252 S.W.3d 403, 407–08 (Tex. Crim. App. 2008) (The *Anders* brief provides appellate courts "with a roadmap for their review of the record because the court itself must be assured that the attorney has made a legally correct determination that the appeal is frivolous."). Generally, neither we nor our sister courts accept boilerplate, inadequate briefs that fall below legal and professional standards. *See Limauro v. State*, 675 S.W.3d 368, 375 (Tex. App.—Dallas 2023, no pet.); *In re N.F.M.*, 582 S.W.3d 539, 546 (Tex. App.—San Antonio 2018, no pet.) (en banc) ("[C]ounsel's brief does not explain why counsel has concluded the issue is frivolous . . . in a way that allows appellant—without the assistance of a lawyer—to understand why [his] lawyer is not advocating on [his] behalf, to evaluate counsel's position, and to have a starting point to decide whether to file a *pro se* brief."). However, Appellant's pro se filings reveal that he reviewed the record and had the opportunity to advocate on his own behalf, and our independent review of the record has revealed no arguable appellate issues. We thus affirm notwithstanding the inadequate briefing provided.

[2] Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

Appellant initially pled not guilty to the charged offense and invoked his right to a jury trial. During the guilt/innocence phase, the State presented the testimony of seventeen witnesses and introduced over two hundred exhibits. Evidence was presented to the jury that around 1:30 a.m. on October 31, 2021, Appellant and his co-actor fired nearly forty rounds at the victim, who was unarmed, while he was standing outside his vehicle in a crowded parking lot. Appellant sped out of the parking lot and led police on a high-speed pursuit through Odessa until he and his co-actor were apprehended. Inside Appellant's vehicle, police found a handgun, a rifle, body armor, a clown mask, and the same type of ammunition collected from the victim's body. After the State rested its case-in-chief, Appellant changed his plea to no contest and the case proceeded to the punishment phase before the jury. After considering the testimony of the victim's daughter, the jury assessed Appellant's punishment at ninety-nine years' imprisonment. The trial court sentenced Appellant accordingly. On this record, we conclude that there are no arguable issues to present on appeal. *See Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d at 826–27 & n.6.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. STACY TROTTER
JUSTICE

December 4, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.